THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| AVALON SUGAR LAND HOSPITALITY LLC | § § § § | Case No. 25-31802 |
| | § § | (Chapter 11) |
| Debtor. | § § § | |

**DEBTOR'S EMERGENCY MOTION FOR APPROVAL OF BID PROCEDURES AND SALE OF REAL PROPERTY BY AUCTION FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES AND EASEMENTS UNDER 11 U.S.C. § 363(f)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

A HEARING WILL BE CONDUCTED ON THIS MATTER BEFORE THE HONORABLE EDUARDO V. RODRIGUEZ. THE HEARING WILL BE CONDUCTED IN-PERSON AT 515 RUSK AVE, HOUSTON, TX 77002, COURTROOM #8B, 8TH FLOOR, AND ELECTRONICALLY. AUDIO IS BY TELEPHONE AT VIDEO PARTICIPATION IS BY GOTOMEETING, MEETING ID "JUDGE RODRIGUEZ".

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

EMERGENCY RELIEF IS REQUESTED NO LATER THAN AUGUST 25, 2025.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY

**TO THE HONORABLE EDUARDO V. RODRIGUEZ**
**UNITED STATES BANKRUPTCY CHIEF JUDGE:**

Avalon Sugar Land Hospitality LLC (the "**Debtor**"), the debtor and debtor-in-possession in the above-captioned chapter 11 case, files this Emergency Motion for Approval of Bid Procedures and Sale of Real Property by Auction Free and Clear of Liens, Claims, Interests, Encumbrances and Easements under 11 U.S.C. § 363 (f).

## NATURE OF THE MOTION

1. The Debtor seeks approval of bid procedures and the authority to auction and sell certain real property free and clear of all liens, claims, interests, and encumbrances. This Motion supplements the relief granted by prior order of this Court seeking approval of a marketing, bid, and auction process for the sale of the property free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C § 363(f). The Debtor has utilized the service of the Court appointed real estate broker who has led the marketing efforts on behalf of the Debtor. (ECF 24).

## BASIS FOR EMERGENCY RELIEF

2. The Debtor, with the assistance of its broker, has run a marketing process for several months for the Property (as defined below). The final deadline for submission of bids for the Property was August 8, 2025. The Debtor received multiple competitive bids for the Property. Additionally, the Debtor's use of cash collateral is set to expire under the final cash collateral order (ECF 62) on August 31, 2025. To ensure that bidders do not lose interest in the Property and in light of the milestones under the cash collateral order, the Debtor submits that emergency relief is proper.

## FACTUAL BACKGROUND

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Debtor is a Texas limited liability corporation that owns a property known as Hampton Hotel located at 218 Promenade Way, Sugarland, Texas, 77479 ("the Property").

4.     On March 31, 2025 (the Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case).

5.     The Debtor continues to operate its businesses and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.     To date, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for the Southern District of Texas ("the U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Case.

**A.  The Property**

7.     The Property consists of a Hampton Inn & Suites by Hilton at 218 Promenade Way, Sugarland, Texas 77478. The Property includes 122 guest rooms

**B.  The Bankruptcy Filing and the Adversary Proceeding**

8.     On March 31, 2025 , The Debtor filed a voluntary petition for relief under Chapter 11 of the bankruptcy code.

9.     The Debtor determined in its business judgement that employing a broker to market and sell the entire Property in as-is condition is the best means for liquidating the Property in an efficient and economic fashion that will maximize the value of the Property.

10.    The Debtor evaluated various alternatives for the liquidation of the Property. The Debtor after consultation with International Bank of Commerce (the first lienholder) (the "Lender") determined that retention of a qualified broker was the most efficient way to market the Property. As a result of the marketing process the Debtor, after consultation with the Court appointed broker HVS, determined that as a direct result of the successful marketing program and in view of the significant interest that has developed in the purchasing the Property. The deadline for final submission of bids for the Property was

August 8. The Debtor believes that an auction to sell the entire Property in as-is condition is the best means for liquidating the Property in an efficient and economic fashion that will maximize the value of the Property. The Lender does not oppose an auction.

11. Upon the advice of the broker, the bid procedures contemplate that the auction will be held in open Court.

## Sale of the Real Property by Auction

12. The Debtor requests that the Court approve the sale of the Property, free and clear of all liens, claims, interests, and encumbrances, at an auction. In evaluating a proposed sale of assets free and clear of all lines, claims, interests, and encumbrances, court must balance the need for flexibility with the concern of affected creditors. In re Terrace Gardens Park Partnership, 96 B.R. 707, 715 (Bank. W.D. Tex. 1989). A court must also determine that a creditor's rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. Id.; In re Beker Indus. Corp., 63 B.R. 474, 477-78 (Bankr. S.D.N.Y. 1986).

13. Except for any unpaid ad valorem taxes, the only other known party holding liens on the Property is the Lender. Following the sale, the Debtor will file a plan of liquidation in the main bankruptcy case proposing to distribute the net sale proceeds to the co-owners of the Property after payment of administrative claims, taxes, secured debts, the Repositioning Fee, and other obligations.

## Proposed Bid Procedures

14. The auction shall be conducted pursuant to the following terms (collectively, the "Bid Procedures"):

- <u>Diligence</u>. All requests for diligence related to the Property shall be directed by potential bidders to the broker. Upon execution of a confidentiality agreement, bidders can access due diligence materials through

- <u>Auction</u>. The Auction shall be held at the Court's earliest availability. The Auction shall be conducted in open court.

- <u>Qualified Bidders</u>. Bidders must submit a participation deposit of in order to be qualified to bid, provided that any bidder submitting a credit bid shall not be required to submit a participation deposit.
- <u>Minimum Opening Bid</u>. The opening bid at the auction is $10,000,000.
- <u>High Bidder's Deposit</u>. The high bidder at the auction shall be required to submit a non-refundable deposit equal to 10% of the purchase price at the conclusion of the auction, provided that any bidder submitting a credit bid shall not be required to submit such a deposit.
- <u>Closing</u>. Bids must have an outside closing date of no later than 60 days following the auction.
- <u>Consent to Jurisdiction</u>. By participating in the auction, each Qualified Bidder consents to the jurisdiction of this Court to adjudicate any dispute regarding the auction or the sale of the Property.

**Payment of Closing Expenses and Other Items**

15. The Debtor requests authority to pay the estate's closing expenses in connection with the sale. These expenses include (i) any outstanding ad valorem taxes due on the Property, including a pro-rated amount for 2025 if necessary; (ii) the costs of a title policy; (iii) the expenses incurred in connection with the sale; (iv) the payment of the broker's commission to (v) any miscellaneous expenses/charges incident to closing the sale (collectively, the "Closing Cost") and the first lien owing to International Bank of Commerce. The net proceeds from the sale will be held by the Debtor and distributed pursuant to a plan of liquidation or other order of this Court.

16. The Debtor believes that the proposed bid procedures will provide certainty and clarity to prospective bidders on the sale process and will encourage bidding by qualified parties. Accordingly, the Debtor requests that the Court (i) approve the proposed bid procedures, (il) approve the sale of the Property free and clear of all liens and claims as set forth above; (iii) authorize the Debtor to execute all documents necessary to effectuate the sale; (iv) authorize that payment of all Closing Costs; and (v) grant such further relief as is just

Dated: August 20, 2025

Respectfully submitted,

**RICHARD L. FUQUA**

By: */s/ Richard L. Fuqua*
Richard L. Fuqua

FUQUA & ASSOCIATES, PC
Texas Bar No. 07552300
8558 Katy Freeway, Suite 119
Houston, TX 77024
(713) 960-0277 Telephone
(713) 960-1064 Facsimile
RLFuqua@FuquaLegal.com
**COUNSEL FOR DEBTOR**

## CERTIFICATE OF ACCURACY

I hereby certify that the facts and circumstances described in the above pleading giving rise to the expedited request for relief are true and correct to the best of my knowledge, information and belief.

*/s/ Richard L. Fuqua*
Richard L. Fuqua