United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 07, 2025
Nathan Ochsner, Clerk

THE UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** § | |
| § | **CASE NO. 25-31798** |
| **AVALON SUGAR LAND HOSPITALITY LLC** § | |
| § | **CHAPTER 11** |
| Debtor. § | |
| § | **JUDGE EDUARDO V RODRIGUEZ** |

### AGREED ORDER GRANTING MOTION OF DEBTOR FOR AN ORDER APPROVING THE SALE OF THE ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

Upon the Motion of the Debtor of the above-captioned Estate, requesting the entry of an order approving the sale of certain assets of the Debtor's Estate free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004, and related relief ("Motion"); and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the marketing process employed by the Debtor was fair, reasonable and appropriate, and reflect the Debtor's exercise of prudent business judgment consistent with the Debtor's fiduciary duties, and were designed to maximize the value to be obtained by the Estate for the Assets; sought to be sold to Royal Hotel Group, LLC or its assigns and the Court

having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; and the Court having determined that Royal Hotel Group, LLC submitted the highest qualified bid for the Debtor's assets at the auction conducted before this court and it appearing that the bid for the assets at the auction before this court was the highest and best offer for the Debtor's Assets; it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The relief sought in the Motion is GRANTED in its entirety, except as may be modified herein.

2. The Purchase and Sale Agreement and all of its terms and conditions are approved in their entirety.

3. The marketing efforts undertaken by the Debtor are approved in their entirety.

4. The Purchase and Sale Agreement and the marketing efforts were fair and reasonable.

5. Pursuant to 11 U.S.C. § 363(b), the Debtor is authorized to sell the assets (the "Assets") described in the Purchase and Sale Agreement attached as Exhibit "A" to the Debtor's motion to sell to Royal Hotel Group, LLC or its assigns for $15,260,000.00. None of the Debtor's bank accounts, book and records, or the purchase price for the Assets are being sold pursuant to this Order.

6. Pursuant to 11 U.S.C. § 363(f), the sale of the Debtor's Assets shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Assets, as appropriate, subject to the rights and defenses of the Debtor and any party in interest with respect

thereto.

7. At the closing of the sale of the Assets, the closing agent shall distribute the sales proceeds to pay: (i) all amounts due and owing to IBC Bank pursuant to the Loan Documents (as defined in the Agreed Order (I) Authorizing the Debtor's Use of Cash Collateral and (II) Granting Related Relief (ECF 62) (the "Cash Collateral Order")) as of the closing; (ii) any outstanding ad valorem taxes owed; (iii) customary closing costs; and (iv) any other debts or claims secured by the Assets in the same order and priority as established by applicable law, as of the Petition Date, so that title to the Property is unencumbered and may be transferred to the Buyers; provided, Debtors shall reserve funds, from the sales proceeds, in an amount sufficient to pay the quarterly fees owed, pursuant to 28 U.S.C. 1930(a)(6), that will become due at the end of the quarter following the closing of the sale (the "Quarterly Fee Reserve"); provided further, that in the event the anticipated quarterly fee is not paid in full at closing, the Quarterly Fee Reserve shall be deposited into a segregated debtor-in-possession bank account or Debtors' Counsel's IOLTA/trust account to be paid to the United States Trustee when due at the end of the quarter following the closing of the sale. Except as provided herein, the remaining sales proceeds shall be held in the debtor-in-possession account pending further order of the Court.

8. For the avoidance of any doubt, all ad valorem taxes for 2025 tax year shall be prorated in accordance with the Purchase and Sale Agreement and shall become the responsibility of the applicable purchaser, with any ad valorem tax liens for the 2025 tax year retained against both real and personal property until such taxes are paid in full in accordance with the Texas Tax Code.

9. *International Banke of Commerce's Limited Objection to the Motion of Chapter 11 Debtor for an Order Approving the Sale of Assets of the Debtor's Estate Free and Clear of Liens,*

*Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. 105 and 363 and Related Relief* [Docket No. 79] (the "Limited Objection") is resolved as follows: (i) IBC Bank's rights, claims, and causes of action with respect to prepetition and postpetition transfers of IBC Bank's collateral are preserved; and (ii) IBC Bank's rights, claims, and causes of action that it has or may have under the Loan Documents (as defined in the Cash Collateral Order) against any party, including any guarantors for any deficiency after the sale, are preserved.  The amount of IBC Bank's claim as of November 7, 2025 is $15,432,691.73, which continues to accrue legal fees and interest at the default rate under the Loan Documents.

10. The Debtor and the Debtor's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase and Sale Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase and Sale Agreement.

11. Royal Hotel Group, LLC or its assigns are granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

12. The transfer of the Debtor's Assets pursuant to the Purchase and Sale Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the Debtor's Estate in the Assets, as may be modified herein.

13. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

14. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

*/s/ Richard L. Fuqua*
Richard L. Fuqua

FUQUA & ASSOCIATES, PC

Texas Bar No. 07552300
8558 Katy Freeway, Suite 119
Houston, TX 77024
(713) 960-0277 Telephone
(713) 960-1064 Facsimile
RLFuqua@FuquaLegal.com


*/s/ Eric M. English*
Eric M. English (TX Bar No. 24062714)
Michael B. Dearman (TX Bar No.24116270)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Fax: (713) 226-6248
eenglish@porterhedges.com
mdearman@porerthedges.com


**Signed: November 07, 2025**

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge